UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY FACCIOLA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MID-HUDSON VALLEY FEDERAL CREDIT UNION,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Ashley Facciola, ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint ("Complaint") against Mid-Hudson Valley Federal Credit Union ("MHV" or "Defendant"), based upon personal knowledge with respect to herself, and on information and belief and the investigation of counsel as to all other matters, in support thereof alleges as follows:

## INTRODUCTION

1. This is a civil action seeking monetary damages and restitution from defendant Mid-Hudson Valley Credit ("MHV"), arising from its practices of assessing "overdraft fees" (or "OD Fees") to consumer deposit accounts that were never even overdrawn.[1]

2. Besides being deceptive, unfair and unconscionable, these practices breach contractual promises that MHV made to all accountholders—namely, that it would charge OD Fees only as a result of transactions that actually overdraw an account.

3. In plain, clear, and simple language, the contractual checking account documents

---

[1] MHV refers to its overdraft fees as "Insufficient Funds Charges" in account statements and as "No Bounce service fees" in its contractual documents.

promise that MHV will only charge an OD Fee for "each item in excess of your available balance" under their "No Bounce Courtesy Service."[2]

4. Nonetheless, as happened to Plaintiff here, MHV regularly charges OD Fees to its consumer deposit accounts even where they are not overdrawn.

5. Specifically, Plaintiff was repeatedly charged OD Fees on routine transactions, even though, according to the monthly account statements prepared by MHV, her account balance never went into the negative for the supposed overdraft event. By definition, then, there were always funds to pay the full amount of those transactions—yet MHV assessed an OD Fee on them anyway.

6. In short, MHV is not authorized by contract to charge OD Fees on transactions that have not overdrawn an account. But MHV nonetheless has done so and continues to do so, in breach of its contract with its account holders.

7. Plaintiff and numerous other MHV customers have suffered monetary damages from MHV's practices. On behalf of herself and the putative classes, Plaintiff seeks damages, restitution and injunctive relief for MHV's breaches of contract.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of each of the Classes is a citizen of a State different from the Defendant. The number of members of the proposed Class and Subclass in aggregate exceeds 100 accountholders. 28 U.S.C. § 1332(d)(5)(B).

9. This Court has personal jurisdiction over the Defendant because Defendant

---

[2] See MHV's "Membership Terms and Conditions" and "No Bounce Privilege Policy," copies of which are attached hereto at Exhibits 1 and 2, respectively (hereinafter, the "Account Documents").

maintains their principal place of business in New York and in this District.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and because Defendant maintains their principal place of business in this District.

## PARTIES

11. Plaintiff Ashley Facciola is a citizen of New York, residing in New Windsor, New York. Plaintiff has a personal checking account with MHV, which is governed by MHV's Account Documents.

12. Defendant MHV is a Credit Union with its principal place of business in Kingston, New York. Among other things, MHV is engaged in the business of providing retail banking services to consumers, including Plaintiff and members of the putative class and subclass, throughout multiple states.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

13. MHV issues debit cards to its checking account customers, including Plaintiff, which allow its customers to have electronic access to their checking accounts for purchases, payments, withdrawals and other electronic debit transactions.

14. Pursuant to its standard Account Documents, MHV charges OD Fees (currently in the amount of $35.00 each) for debit card and other types of transactions that purportedly result in an overdraft of a personal checking account.

**A. MHV Makes Important Contractual Promises To Its Account Holders**

15. Plaintiff's checking account with MHV is, and was at all relevant times, governed by MHV's standardized "Membership Terms and Conditions" and "No Bounce Privilege Policy," the material terms of which are drafted by MHV, amended by MHV from time to time

at its convenience and complete discretion, and imposed by MHV on all of its customers, copies of which are attached hereto at Exhibits 1 and 2, respectively (hereinafter, the "Account Documents").

16. In plain, clear, and simple language in No Bounce Privilege Policy concerning OD Fees, MHV promises its account holders that "**[I]f you inadvertently overdraw your account, we will have the discretion to pay the overdraft, subject to** the limit of your No Bounce and **the No Bounce service fee**. Ex. 2 (emphasis added).

17. Nowhere in the Account Documents does MHV disclose that an OD Fee may be charged for transactions that do not overdraw an account, as happened to Plaintiff here. Indeed, as a matter of logic and common sense, only items that actually bring the account into a negative balance actually should overdraw your account.

### B. MHV's Conduct Breaches The Account Agreement With Its Account Holders

18. Plaintiff's checking account with MHV is, and at all relevant times was, governed by MHV's standardized Account Agreement, the material terms of which are drafted by MHV, amended by MHV from time to time at its convenience and complete discretion, and imposed by MHV on all of its customers.

19. In plain, clear, and simple language, the checking account contract documents discussing OD Fees promise that MHV will only charge an OD Fee on a transaction "if you inadvertently overdraw your account."

> **[I]f you inadvertently overdraw your account, we will have the discretion to pay the overdraft, subject to** the limit of your No Bounce and **the No Bounce service fee**.

Ex. 2.

20. MHV has breached its promise to its account holders in the Account Documents

to only charge fees if there are insufficient funds to cover the item in question such that the item "inadvertently overdraw[s] your account." In breach of this promise, MHV routinely charges OD Fees resulting from transactions for which there were sufficient funds to cover the item in question and that did not actually overdraw the account, as happened to Plaintiff here.

### C. Plaintiff's Experience

21. Plaintiff has one checking account with MHV, which is governed by MHV's Account Agreement and related documents.

22. On numerous occasions, including but not limited to the instance below, Plaintiff was assessed an OD Fee in the amount of $35.00, despite that her account never went negative even after the transaction that supposedly caused the OD Fee was posted.

23. By way of example, on August 25, 2020, Plaintiff was charged a $35.00 OD Fee on a transaction that did not overdraw her account.

24. This OD Fee was charged on a $41.09 POS[3] Withdrawal from Color Street LLC that was made when Plaintiff's balance was $83.37. After this withdrawal was subtracted from her account, she was left with $42.28 to which Defendant then subtracted an additional OD Fee of $35.00 despite Plaintiff's account having sufficient funds to cover the transaction.

25. By further way of example, on July 28, 2020, Plaintiff was charged a $35.00 OD Fee on a transaction that did not overdraw her account.

26. This OD Fee was charged on a $70.39 PayPal instant transfer that was made when Plaintiff's balance was $217.88. After this withdrawal was subtracted from her account, she was left with $147.49 to which Defendant then subtracted an additional OD Fee of $35.00 despite Plaintiff's account having sufficient funds to cover the transaction.

---

[3] Point of Sale.

27. Plaintiff at all times had sufficient funds to cover the foregoing transactions (and numerous other transactions like them that occurred during the past five years) that resulted in improper OD Fees.

28. Because the foregoing OD Fees were charged even though Plaintiff's account balance was not overdrawn by the transactions at issue, MHV assessed the fees in violation of its own Account Agreement with Plaintiff.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of themselves and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

30. The proposed class is defined as:

**Class 1: The Nationwide "Sufficient Funds Class"**

All MHV checking account holders in the United States who, within the applicable statute of limitation period, were charged one or more OD Fee as a result of a transaction that did not overdraw an account.

**Subclass 1: The New York "Sufficient Funds Subclass"**

All MHV checking account holders in the State of New York who, within the applicable statute of limitation period, were charged one or more OD Fee as a result of a transaction that did not overdraw an account.

The class and subclass are collectively referred to as the "Classes."

31. Plaintiff reserves the right to modify or amend the definition of the proposed Classes before the Court determines whether certification is appropriate.

32. Specifically excluded from the Classes are MHV, its parents, subsidiaries,

affiliates, officers and directors, any entity in which MHV has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

33. The members of the Classes are so numerous that joinder is impractical. The Classes consist of thousands of members, the identity of whom is within the knowledge of and can be ascertained only by resort to MHV's records.

34. The claims of the representative plaintiff are typical of the claims of the Classes in that the representative plaintiff, like all members of the Classes, was charged overdraft fees on transactions that were authorized into a positive available balance. The representative plaintiff, like all members of the Classes, has been damaged by MHV's misconduct in that she has paid assessed unfair and unconscionable overdraft fees. Furthermore, the factual basis of MHV's misconduct is common to all members of the Classes, and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Classes. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other members of the Classes.

35. There are numerous questions of law and fact common to the Classes and those common questions predominate over any questions affecting only individual members of the Classes.

36. The questions of law and fact common to the Classes include:

   a. Whether MHV charged overdraft fees on transactions when those transactions did not overdraw accounts;

   b. Whether MHV breached its own contract by charging overdraft fees on transactions when those transactions did not overdraw accounts;

    c. The proper method or methods by which to measure damages; and

    d. The declaratory, injunctive, and other equitable relief to which the Classes are entitled.

37. Ms. Facciola is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions.  Accordingly, Ms. Facciola is an adequate representative and will fairly and adequately protect the interests of the Classes.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the amount of each individual class member's claim is small relative to the complexity of the litigation, and due to the financial resources of MHV, no class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Classes will continue to suffer losses and MHV's misconduct will proceed without remedy.

39. Even if Class members themselves could afford such individual litigation, the court system could not.  Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

40. Plaintiff suffers a substantial risk of repeated injury in the future.  Plaintiff, like all

members of the Classes, is at risk of additional overdraft fees on transactions that do not overdraw her account. Plaintiff and the members of the Classes are entitled to injunctive and declaratory relief as a result of the conduct complained of herein. Money damages alone could not afford adequate and complete relief, and injunctive relief is necessary to restrain MHV from continuing to commit its unfair and illegal actions.

41. MHV has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## CAUSE OF ACTION

### COUNT I
### Breach Of Contract
### (On Behalf Of The Classes)

42. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

43. Plaintiff, and all members of the proposed Classes, contracted with MHV for bank account deposit, checking, ATM, and debit card services, as set forth in the Account Agreement.

44. MHV breached promises made to Plaintiff and all members of the proposed Sufficient Funds Class when, as described herein, MHV charged overdraft fees as a result of transactions that did not overdraw a checking account.

45. Plaintiff and all members of the proposed Sufficient Funds Class have performed all, or substantially all, of the obligations imposed on them under the contract.

46. Plaintiff and all members of the proposed Sufficient Funds Class have sustained damages as a result of MHV's breach of the contract.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying this action as a class action, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

(b) For compensatory damages on all applicable claims and in an amount to be proven at trial;

(c) For restitution on all applicable claims and in an amount to be proven at trial;

(d) For an order requiring Defendant to disgorge, restore, and return all monies wrongfully obtained together with interest calculated at the maximum legal rate;

(e) For an order enjoining the wrongful conduct alleged herein;

(f) For other appropriate injunctive and other equitable relief;

(g) For costs;

(h) For pre-judgment and post-judgment interest as provided by law;

(i) For attorneys' fees under the account contracts, the common fund doctrine, and all other applicable rules and law; and

(j) For such other relief as the court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: March 29, 2021                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   /s/ Joseph I. Marchese

                                  Joseph I. Marchese

Joseph I. Marchese
888 Seventh Ave, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com

*Attorney for Plaintiff*