11347-6/mmc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ASHLEY FACCIOLA, on behalf of herself and all others similarly situated,

                                  Plaintiff,              Case No.: 21-CV-2676

    -against-

MID-HUDSON VALLEY FEDERAL CREDIT UNION,

                                  Defendant.
------------------------------------------------------------------------x

_____

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS**

_____

                                    McCABE & MACK, LLP
                                    Attorneys for Defendant
                                    63 Washington Street
                                    P.O. Box 509
                                    Poughkeepsie, NY 12602-0509
                                    (845) 486-6800

*By: Richard R. DuVall, Esq.*

11347-6/mmc

## PRELIMINARY STATEMENT

This is a purported class action asserting one state-law claim, for breach of contract, against a single defendant, Mid-Hudson Valley Federal Credit Union ("MHV"). The only basis the named plaintiff asserts for filing her claim in this Court is the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) "(CAFA"). CAFA does not allow federal jurisdiction in this case; defendant MHV has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1), and defendant's motion should be granted.

## BACKGROUND AND SUMMARY

MHV is a federally-chartered, member-owned, not-for-profit credit union with its headquarters in Kingston, New York.[1] It has about 83,714 [2] members, and thirteen branches; all of the branches are, and always have been, in the Hudson River Valley of New York. (Fox Affidavit at ¶¶ 6-7).

MHV was founded as a cooperative institution for employees of the IBM facility in Kingston, about sixty years ago. Over the decades, its charter has changed: it is no longer a corporate-affiliated credit union. MHV has a community charter. To be a member of MHV, an individual must live, work, worship, volunteer, or attend school in its geographic membership area – that is, be part of the MHV "membership field." This area, defined by MHV's federal charter, encompasses seven counties, all in New York State: Ulster, Putnam, Duchess, Orange, Westchester, Sullivan, and Rockland. If an individual is not associated with one of these seven New York counties, that person is not permitted, by federal law, to have an

---

[1] *See also* Complaint, ¶¶ 9, 10 (MHV principal place of business is in the State of New York).

[2] Banks have "depositors;" credit unions, which are cooperatively owned and are managed by a volunteer Board of Directors, have "members."

11347-6/mmc

account at MHV.[3] (Fox Affidavit at ¶ 7).

The named plaintiff, Ashley Facciola, is a citizen of the State of New York. Complaint ¶ 11. She claims to represent thousands of class members. Complaint ¶ 33. The gravamen of the claim is that she was charged a $35 "courtesy pay" or "No Bounce" fee when she wrote a check, or made an electronic transaction, that was not covered by sufficient available funds in her membership account. Ms. Facciola claims that, at times when she was charged the fee, she had enough funds in her account to cover the transaction. The merits of her claim are not material to this motion.[4]

What is material to this motion is the absence of federal jurisdiction. We have a New York plaintiff, a New York defendant, and only a New York state – and no federal – cause of action. Ordinarily, the absence of diversity or federal question jurisdiction would warrant immediate dismissal.

However, the CAFA – passed by Congress in an attempt to allow large, state-court class actions to be brought to federal court under carefully-cabined circumstances – grants jurisdiction to this court, provided certain preconditions are met:

1. The matter in controversy must exceed the sum or value of five million dollars, exclusive of interest and costs, aggregated across all of the class participants. 28 U.S.C. § 1332(d)(2); (d)(6). The Complaint pleads this, ¶ 8.

2. There must be at least minimal diversity: "any member of a class of plaintiffs is a citizen of a State different from any defendant." The Complaint pleads

---

[3] There are some minor exceptions; the primary one is immediate family members (including grandparents and grandchildren) of individuals eligible for membership.

[4] Those claims are, however, familiar ones in the financial services community. Many class actions have been filed on this principle. Usually, the plaintiffs do not understand that their "available balance" implicates funds availability policies that they have not considered.

11347-6/mmc

      this, albeit in conclusory fashion, at ¶ 8.

3. The putative class must have at least one hundred members. 28 U.S.C. § 1332(d)(5)(b). The Complaint pleads this at ¶¶ 8, 33.

The first reason the Complaint must be dismissed is what is called the "locality exception" to CAFA's grant of jurisdiction. 28 U.S.C. § 1332(d)(4). There are two ways the Act defines this exception. The easier is found in Section (d)(4)(B). If two-thirds or more of the members of the proposed classes in the aggregate, as well as "the primary defendants," are citizens of the state in which the action has been filed, the "court **shall** decline to exercise jurisdiction." (Emphasis added.) This principle is mandatory. Here, there is no question but that the action was filed in New York, and the only defendant is, for purposes of CAFA, a citizen of New York. And it is unsurprising that far more than two-thirds of the possible members of the putative classes[5] are New Yorkers as well, given MHV's mandatory, federally-required, New York field of membership. In fact, approximately 95% of MHV's members live in New York State.

Further, the Court should exercise its discretion to dismiss the Complaint. Section (d)(3) provides that a district court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" if as few as one-third of the members of the proposed classes, in the aggregate, are from New York. The act enumerates several factors for consideration, and each here counsels discretionary dismissal.

The Complaint should be dismissed for want of any federal jurisdictional basis.

## ARGUMENT

---

5    The Complaint's artful pleading of two classes is irrelevant to the analysis: the calculation must be made of "two-thirds or more of the members of all proposed plaintiff classes in the aggregate." Section (d)(4)(B).

11347-6/mmc

## II. THE COMPLAINT MUST BE DISMISSED BASED ON THE MANDATORY DISMISSAL PROVISIONS OF SUBSECTION (d)(4)

CAFA requires that "[a] district court *shall* decline to exercise jurisdiction under paragraph (d)2 over a class action in which two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added). As the Court of Appeals has held, where this "home state exception" applies, the court has jurisdiction over the case – but "**must**" decline to exercise that jurisdiction. *Gold v. New York Life Insurance Co.,* 730 F.3d 137, 141-42 (2d Cir. 2013) (emphasis added).

Under CAFA, the party asserting the existence of federal jurisdiction bears the burden of proving the case is properly in federal court. *DiTolla v. Doral Dental IPA of NY, LLC*, 469 F.3d 271 (2d Cir. 2006) (agreeing with, at that early date, the Seventh, Ninth, and Eleventh Circuits). If a federal court plaintiff does not meet this burden under CAFA, the Complaint should be dismissed. *Morana v. Park Hotels & Resorts, Inc.*, 2021 WL 1164010 (S.D.N.Y. March 26, 2021) (dismissing complaint based on defendant's declarations and exhibits; plaintiff provided no factual basis for allegation, on information and belief, that the putative class exceeded one hundred persons).) The plaintiff – as the advocate of federal jurisdiction – must demonstrate a "reasonable probability" that CAFA's jurisdictional requirements are met. *Wurtz v. The Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56-7 (2d Cir. 2006).

There is no reasonable probability that the plaintiff can demonstrate jurisdiction is proper here.[6]

---

[6] While *Wurtz* held that the proponent of federal jurisdiction (in those cases, the defendants) bears the burden of proving that jurisdiction exists, neither case found it necessary to decide the question of which party bears the burden of proving a CAFA exception. The issue should not be material to this motion.

11347-6/mmc

First, the overwhelmingly-vast majority of putative class members are likely to be citizens of the State of New York. MHV was founded to serve Kingston, and is required by federal charter to limit its membership to seven mid-Hudson counties. It does not have, and has never had, a branch office outside the Hudson River Valley area of New York State. As demonstrated by the Affidavit of Jessica Fox, Vice President of Risk Management of MHV, over 95% of its members are New Yorkers. There is no reasonable chance that fewer than two-thirds of the putative class members are – like the named plaintiff, (Complaint ¶ 11) – from New York.[7] Ms. Fox's affidavit also confirms that as would be expected, members utilizing the "No Bounce" feature, alleged by Plaintiff to give rise to her claim, are also 95% New Yorkers. (Fox Affidavit at ¶ 11).

Second, there is no question but that the action was filed in New York.

Third, for purposes of CAFA, MHV is a citizen of the State of New York. While this federal credit union is a corporate body chartered by the United States, it is chartered to operate in New York. Over the years there have been two methods of determining the "citizenship" of a federally-chartered credit union for diversity purposes. The older method is

---

[7] In the case of a factual challenge to the basis for subject matter jurisdiction, courts generally look not only to the allegations of the complaint but also to supplementary materials such as declarations, affidavits, and business records. *See, e.g., Commission v. Pricewaterhouse Coopers LLP,* No. 11–Civ–5713 (NRB), 2012 WL 3070217, at *5 (S.D.N.Y. July 27, 2012) ((holding that CAFA exception applied based on defendant's submissions regarding the citizenship of its current and former employees as reflected in available human resources records); *Anirudh v. CitiMortgage, Inc.,* 598 F.Supp.2d 448, 451–52 (S.D.N.Y.2009) ((relying on defendant's affidavit stating that 96.7% of mortgage loans at issue in suit were New York co-op loans to conclude that class of loan borrowers was likely comprised of all New York citizens and that therefore home state exception applied); *Mattera v. Clear Channel Commc'ns, Inc.,* 239 F.R.D. 70, 80–81 (S.D.N.Y.2006) ((assuming that two-thirds of the class were New York citizens because the entire putative class was employed by a New York-based company). *See also, Quicken Loans Inc. v. Alig*, 737 F.3d 960, 966 (4th Cir. 2013) (finding federal jurisdiction inappropriate "where there is no question that all of the named defendant[s] are citizens of the same state where the action was originally filed, all of the plaintiffs are citizens of the same state where the action originally was filed, and the principal injuries stemming from the conduct alleged in the complaint occurred in the state where the action originally was filed").

11347-6/mmc

to determine where the organization is "localized" – i.e., whether its members, branches, headquarters, and operations bear a distinct relation to a particular state. *Iceland Seafood Corp. n. National Consumer Cooperative Bank*, 285 F. Supp. 2d 719 (E.D. Va. 2003); *Feuchtwanger Corp. v. Lake Hiawatha Federal Credit Union,* 272 F.2d 453 (3d Cir. 1959). Here, MHV is localized in New York.  A more recent type of analysis has asked simply where the federal credit union has its principal place of business: it is a citizen of that state for diversity purposes.  *Navy Federal Credit Union v. LTD Financial Servs. LP,* ___ F.3d ___, No. 19-1341 (4th Cir. August 20, 2020). The Complaint pleads, correctly, that the principal place of business of MHV is New York.  Complaint, ¶¶ 8, 9.

The only defendant is from New York, the case was first filed in New York, and it is clear beyond peradventure that the overwhelming majority of potential class members (certainly more than two-thirds) would be from New York.  Under these circumstances, 28 U.S.C. § 1332(d)(4) requires the Court to dismiss the Complaint.

### III   AS A MATTER OF DISCRETION, THE COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO SUBSECTION (d)(3)

Should the Court not determine that dismissal is mandated by Subsection (d)(4), the Court nevertheless should exercise its discretion to dismiss the Complaint pursuant to Subsection (d)(3).  That provision permits the Court, "in the interests of justice and under the totality of the circumstances" to decline to exercise its jurisdiction over a class action where more than one-third (but fewer than two-thirds) of the putative class members are citizens of the state in which the action was filed.

The statute points the Court's "consideration" in the exercise of this discretion to six factors.  None of them counsel this Court's exercise of jurisdiction. All applicable factors point persuasively to the propriety of dismissing the Complaint:

- Whether the claims involve matters of national or interstate interest.  While

11347-6/mmc

there are some such class actions, this is not one. It involves a dispute regarding overdraft fees in one financial institution in the Hudson Valley. It does not implicate international trade, or issues of interstate commerce or foreign competition.

- Whether the claims will be governed by the law of the state in which the action was filed. Indubitably. The only Count in the Complaint is for breach of contract under New York State law.

- Whether the class action has been pleaded in a way that seeks to avoid federal jurisdiction. This factor does not apply. It only applies where defendants seek to remove class actions to federal court, not where plaintiffs file in federal court and defendants seek to dismiss.

- Whether the action was brought in a forum that has a distinct nexus with the class members, the alleged harm, or the defendants. Again, this is inapplicable; this Court and the state court have precisely the same relationship with the claims, the claimants, and the sole defendant.

- Whether the number of putative class members from the forum state predominate – "in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of states." Again, this is plainly true here. The number of potential New York class members overwhelms the number of potential members from any other state. Affidavit of Jessica Fox at ¶¶ 9-11. New York has 95% of the possible class members; the next-largest congregation is Florida, with less than 1%.

- Whether one or more class actions have been filed in the three-year period

11347-6/mmc

prior to this one, asserting the same or similar claims on behalf of the same or other persons. No such claims have been filed against MHV; MHV does not know if the named plaintiff (or any other putative plaintiff) has filed such a claim. (Fox Affidavit at ¶ 12).

## CONCLUSION

For all of the above reasons, the Complaint should be dismissed pursuant to FRCP §12(b)(1).

Dated: Poughkeepsie, New York
May 28, 2021

_____
RICHARD R. DuVALL